## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

## FLORENCE DIVISION

### C/A #

| | |
|---|---|
| Dorothy Freeman,<br><br>          Plaintiff,<br><br>     Vs.<br><br>701 South Ocean Blvd., LLC, d/b/a Bali Bay Resort; and Beach Vacations, LLC, f/k/a Beach Vacations, II, LLC,<br><br>          Defendants. | **COMPLAINT**<br><br>**(Jury Trial Requested)** |

The Plaintiff, complaining of the Defendants herein, alleges:

1.     That Plaintiff Dorothy Freeman ("Plaintiff") is a citizen and resident of the State of North Carolina.

2.     That Defendant, 701 South Ocean Blvd., LLC, d/b/a Bali Bay Resort (hereinafter, "Bali Bay") is a limited liability company organized and existing under the laws of the State of South Carolina.

3.     That Defendant, Beach Vacations, LLC, is a limited liability company organized and existing under the laws of the State of South Carolina and formerly was known as Beach Vacations, II, LLC (hereinafter, "Beach Vacations") (collectively with Defendant Bali Bay, "Defendants").

4.     That heretofore Defendants entered into an agreement, titled "Exclusive Rental Management Agreement", whereby Defendant Beach Vacations agreed to provide maintenance and guest services for the Defendant Bali Bay, a copy of the agreement, marked Exhibit "A," (hereinafter, the "Agreement") is incorporated herein by reference.

1

5.     That on or about April 7, 2018, the Plaintiff's daughter, Tamara Freeman, confirmed a reservation for a seven-bedroom condominium owned and operated by Defendants, located at 701 South Ocean Blvd., Myrtle Beach, South Carolina (hereinafter, the "Resort"); that the terms of the reservation provided the arrival date for Plaintiff and other invitees was November 1, 2018 and the departure date was November 4, 2018.

6.     That Plaintiff's daughter paid $1,390 in fees related to the agreed upon stay at Defendants' Resort in Myrtle Beach, South Carolina.

7.     That on or about November 1, 2018, the Plaintiff, her daughter, Tamara Freeman, and others arrived at the Defendants' Resort, completed the check-in procedure, and were assigned to the seven-bedroom condominium.

8.     Upon entry of the condominium, the Plaintiff, her daughter, and other guests, immediately noticed that the condominium was not in a clean and presentable condition.

9.     That the condominium had not been cleaned prior to their arrival as trash and other debris were left behind.

10.    That Plaintiff's daughter notified Defendants' guest services department of the condition of the condominium, but Defendants' agents, servants and employees did not respond to or acknowledge Plaintiff's complaints.

11.    Soon after arrival, Plaintiff, her daughter, and other guests in the condominium noticed that the refrigerator in the kitchen of the condominium was leaking water onto the floor; again, Plaintiff, her daughter, and others complained to Defendants' guest services department of the hazardous condition existing as a result of the refrigerator leak, but none of Defendants' agents, servants or employees acknowledged the complaints nor did they take any measures to inspect or repair the leaking refrigerator.

12.     Anticipating that Defendants' agents, servants and employees would repair the refrigerator promptly, the Plaintiff, her daughter, and other guests placed towels in the front of the leaking refrigerator in an effort to stem the leaking water until such time as Defendants' agents, servants and employees came to the condominium to inspect and repair the leak.

13.     Thereafter, on November 3, 2018, as Plaintiff was walking to one of the bedrooms, she slipped and fell as a result of water which had accumulated from the leaking refrigerator.

14.     That not until after the Plaintiff's fall did Defendants' agents, servants and employees come to inspect the leaking refrigerator and make the necessary repairs.

15.     That Defendants, their agents, servants, and employees, were given timely notice of the leaking refrigerator yet took no steps to repair the dangerous condition until after the Plaintiff suffered her injuries.

16.     That Plaintiff's daughter, Tamara Freeman, received an e-mail from Defendant Beach Vacations' employee confirming the complaint and acknowledging that no repairs were made prior to Plaintiff's fall.  A copy of the e-mail is attached as Exhibit "B" and incorporated herein by reference.

17.     That this Court has jurisdiction over the parties and subject matter set forth in this Complaint and venue is proper.

**FOR A FIRST CAUSE OF ACTION**
**(Negligence)**
**(As to Defendant Beach Vacations)**

18.     Plaintiff reasserts and realleges each and every Paragraph above as if set forth herein, verbatim.

19.     That Plaintiff's injuries and damages were caused and occasioned by the negligence, recklessness, willfulness and wantonness, and unlawful conduct of the

Defendant Beach Vacations, acting through their agents, servants, and employees, in one or more of the following particulars, to-wit:

(a)    In permitting and allowing a substance to accumulate in the Defendants' condominium in an area which Plaintiff and other guests and invitees would walk;

(b)    In permitting the aforementioned substance to accumulate and remain after the Defendants knew or should have known that said substance was present and was causing hazard to Plaintiff and other guests and invitees;

(c)    In failing to inspect and repair the sources of the leaking water in a timely fashion;

(d)    In failing to take precautions to lessen the risk of injury to Plaintiff and other guests and invitees;

(e)    In failing to use reasonable care to prepare the condominium for Plaintiff and other guests and invitees;

(f)    In failing to make the premises safe for Plaintiff;

(g)    In failing to properly and adequately supervise the Defendants' agents, servants, and employees in order to prevent the accumulation of said dangerous substance in areas where Plaintiff and other guests and invitees were expected to walk;

(h)    In failing to adopt and/or implement adequate guidelines, policies, or procedures such that prior to the arrival of new invitees, said condominiums/Resort would be inspected and any dangerous and defective conditions would be repaired and remediated so as to eliminate the risk of hazard to new guests and invitees occupying the Resort;

(i)    In failing to adequately train its agents, servants, and employees to respond adequately and timely to complaints like those made by Plaintiff;

(j)    In the retention of agents, servants, or employees whom Defendant knew or should have known were not following any such guidelines, policies or procedures regarding the maintenance, cleaning, repair, or operation of the Resort;

(k)    In allowing a dangerous and defective condition to exist at said condominium/Resort after it knew or should have known of the dangerous and defective condition; and

(l)    In any other such ways as may be determined through discovery.

All of the above being in violation of the laws of the State of South Carolina.

20.    That Defendants had actual knowledge of the fact that a dangerous condition existed at its condominium; that if Defendants lacked the actual knowledge, the condition had existed for such a period of time prior to the happening of the accident that Defendants, in the exercise of due care, should have been aware of such hazards.

21.    That as a direct and proximate cause of Defendants' Negligence, Plaintiff was injured and damaged as more specifically set forth in the Damages portion of this Complaint.

### FOR A SECOND CAUSE OF ACTION
### (Negligent Hiring/Supervision/Retention)
### (As to Defendant Bali Bay)

22.    Plaintiff reasserts and realleges each and every Paragraph above as if set forth herein, verbatim.

23.    That Plaintiff's injuries and damages were caused and occasioned by the negligence, recklessness, willfulness and wantonness, and unlawful conduct of the Defendant Bali Bay, acting through their agents, servants, and employees, in one or more of the following particulars, to-wit:

(a)    In the selection and hiring of Defendant Beach Vacations to maintain, repair, clean, and otherwise operate the Resort and/or condominium.

(b)    In failing to adequately supervise Defendant Beach Vacations;

(c)    In the retention of Defendant Beach Vacations to maintain, repair, clean, and otherwise operate the Resort when it knew or should have known that Defendant Beach Vacations was failing to make the premises safe for Plaintiff and other invitees;

(d)    In failing to properly and adequately hire employees, agents, or servants that could follow Defendant Bali Bay's policies, procedures, directives or South Carolina laws and regulations regarding inspection, maintenance, cleaning, and repair of the Resort;

(e)    In failing to train its employees, agents, or servants on how to properly and adequately respond to a complaint by an customer;

(f)     In failing to properly and adequately supervise Defendant Beach Vacations' employees, agents, or servants in order to prevent injuries to Plaintiff and other customers while occupying the Resort;

(g)     In failing to adopt and/or implement guidelines, policies, or procedures regarding Defendant Beach Vacations adherence to South Carolina law, statutes, and regulations; and,

(h)     In any other such ways as may be determined through discovery.

24.     That Defendant Bali Bay had actual knowledge of the fact that Defendant Beach Vacations was not properly and adequately maintaining, repairing, cleaning or otherwise operating the Resort; that if Defendant Bali Bay lacked the actual knowledge, the condition had existed for such a period of time prior to the happening of the accident that Defendant, in the exercise of due care, should have been aware of such hazards.

25.     That as a direct and proximate cause of Defendant's Negligence, Plaintiff was injured and damaged as more specifically set forth in the Damages portion of this Complaint.

## FOR A THIRD CAUSE OF ACTION
### (Breach of Contract)
### (As to Defendant Bali Bay)

26.     Plaintiff reasserts and realleges each and every Paragraph above as if set forth herein, verbatim.

27.     That prior to or on November 1, 2018, Defendant Bali Bay entered into a contract to provide a safe and hazard free condominium for Plaintiff, guests, and other invitees, in exchange for money.

28.     That Plaintiff was a party to said contract and/or otherwise a third-party beneficiary to said contract.

29.     That on or about November 1, 2018, Defendant Bali Bay received payment in accordance with said contract.

6

30.     That Defendant Bali Bay breached said contract by failing to provide a safe and hazard free condominium to Plaintiff.

31.     That as a direct and proximate cause of Defendant's Negligence, Plaintiff was injured and damaged as more specifically set forth in the Damages portion of this Complaint.

### FOR A FOURTH CAUSE OF ACTION
**(Breach of Contract as to a Third-Party Beneficiary)**
**(As to all Defendants)**

32.     Plaintiff reasserts and realleges each and every Paragraph above as if set forth herein, verbatim.

33.     That prior to November 1, 2018, Defendants Bali Bay and Beach Vacations entered into an Agreement (Exhibit A) whereby Defendant Beach Vacations would maintain, clean, and otherwise operate the Resort.

34.     That, in accordance with the Agreement, Defendant Bali Bay paid Defendant Beach Vacations to maintain, clean, and otherwise operate the Resort.

35.     That, in accordance with the Agreement, Defendant Beach Vacations was to inspect and determine whether Resort rooms were in a satisfactory condition prior to a during occupancy.

36.     That in accordance with the Agreement, Defendant Beach Vacations was to provide repairs or arrange for any repairs on appliances and fixtures as rapidly as possible.

37.     That Plaintiff contracted with Defendant Bali Bay and/or Beach Vacations to occupy a condominium at the Resort or was a known invitee to the Resort, and thereby was an intended third-party beneficiary to the Agreement.

38.     That Defendant Beach Vacations breached the Agreement with Defendant Bali Bay by failing to provide a safe and hazard free condominium, or in the alternative,

Defendant Bali Bay breached the Agreement by failing to adequately maintain appliances at the Resort.

39.    That Defendant Beach Vacations' and/or Defendant Bali Bay's breach of the Agreement deprived Plaintiff, as a third-party beneficiary, of the benefits and other provisions negotiated between Defendants Beach Vacations and Bali Bay, as set forth in the Agreement.

40.    As a direct and proximate result of Defendants' breach, Plaintiff has suffered damages as more specifically set forth in the Damages portion of this Complaint.

## DAMAGES

41.    Plaintiff reasserts and realleges each and every Paragraph above as if set forth herein, verbatim.

42.    That as a direct and proximate cause of said negligence, wantonness, recklessness and unlawfulness on the part of the Defendants, the Plaintiff suddenly fell at Defendants' condominium; that the Plaintiff was greatly and severely injured in and about Plaintiff's head, neck, arms, body, back, limbs and other parts of the Plaintiff's body; that Plaintiff was rendered sick, sore, lame, disabled, bruised and shocked thereby and continues so to be; that all of such injuries have caused Plaintiff extreme and excruciating pain continuously to this date and the Plaintiff will suffer such pain in the future; that as a direct and proximate result of the negligence and conduct of the Defendants as aforementioned the Plaintiff suffered severe bruises, lacerations and contusions, and great pain and suffering.

43.    That as a direct and proximate cause of said negligence, wantonness, recklessness, and unlawfulness on the part of the Defendants, and each of them:

    (a)    Plaintiff was committed to the hospital and will be required to enter the hospital in the future for long and extensive periods of time;

(b)    Plaintiff was confined to the care and treatment of skilled physicians and nurses; that Plaintiff is presently being treated by such persons and will continue to receive treatment from them in the future; that Plaintiff has expended large sums of money for such treatment and will be obligated to expend even more money in the future for such care and treatment;

(c)    Plaintiff was hindered and prevented, and in the future will be hindered and prevented from transacting and attending to Plaintiff's necessary and lawful affairs since the date of the fall and loss and was deprived of divers gains, profits, salaries, pleasures, advantages, and earning capacity and ability which Plaintiff would have otherwise derived and acquired;

(d)    Plaintiff was in the past, present and will continue in the future to be put to great expense for medicine and drugs;

(e)    Plaintiff has expended large sums of money in the past and present for transportation to and from the doctor's office and hospitals and will continue to have such expenses in the future for consultations and treatment; and,

(f)    Plaintiff's previous good health has been permanently impaired.

44.    That as a result of the damages set forth, Plaintiff has been damaged in excess of Seventy-Five Thousand and NO/100 ($75,000.00) Dollars in actual damages.

45.    That Plaintiff is informed and believes that she is entitled to an award of punitive damages.

46.    That Plaintiff is informed and believes that Defendants Bali Bay and Beach Vacations are liable, jointly and severally, to Plaintiff for actual, consequential, and punitive damages.

**WHEREFORE**, Plaintiff prays judgment against the Defendants, joint and severally, for an amount of actual damages in excess of Seventy-Five Thousand ($75,000) Dollars, an award of punitive damages, attorneys' fees and costs, and for such other and further relief as this court deems just and proper.

9

Florence, South Carolina

February 3, 2021

*s/William P. Hatfield*

**WILLIAM P. HATFIELD**,
Federal Court ID # 1777
**E. HOOD TEMPLE**
Federal Court ID # 5269
Attorneys for Plaintiff

**HATFIELD TEMPLE LAW, LLC**
170 Courthouse Square
Post Office Box 1770
Florence, SC  29503-1770
(843) 662-5000
wphatfield@htlawsc.com
ehtemple@htlawsc.com